EDWARD McKINLEY, plaintiff in error *v.* JAMES BRADEN, administrator of David Gregory, deceased, defendant in error.

*Error to Madison.*

Under the general issue, in an action by an administrator, proof that the plaintiff had received letters of administration upon the estate of his intestate, is un-

necessary. The fact whether he was or was not an administrator, is not put in issue.

J. Semple, for the plaintiff in error.

D. Blackwell, for the defendant in error.

This cause was tried at the June term, 1830, of the Madison Circuit Court, before the Hon. Theophilus W. Smith and a jury, and a verdict rendered for the defendant in error, the plaintiff in the Court below, for $28. Judgment was rendered upon this verdict, and a writ of error prosecuted to this Court.

The bill of exceptions is as follows:

"Be it remembered that at the June term, 1830, the above cause came on for trial; the plaintiff proved by a witness, that the mare in question was the property of David Gregory, deceased, at the time of his death, and after his death came into the possession of Polly Gregory, the widow of said David Gregory, deceased; he proved, also, by the same witness, that the same mare came into the possession of the defendant, who sold the same to one Bennet Nowlin, and applied the proceeds of the sale to his own use; and also, by the same witness, that the said mare was worth $25. The defendant then offered to prove that he bought the said mare of the wife of the plaintiff, which was objected to by the plaintiff, and the objection sustained by the Court. The plaintiff then proved by Howard, Findley, and Cooper, that the said mare was worth $45. Findley did not say that he had ever seen the plaintiff in possession of said mare, but when he saw her, she was in possession of the defendant. Cooper stated that when he saw the said mare, which was more than two years and six months ago, she was standing with plaintiff's horses under some trees near Braden's house, and he considered her in Braden's possession; but he had never seen the plaintiff in actual possession of the said mare, either riding, working, or otherwise using or exercising acts of ownership over her: and this was all the testimony produced on either side. The defendant then moved the Court to instruct the jury, that unless they believed from the testimony, that the plaintiff had proven that he was administrator of David Gregory, they must find for the defendant, which instruction the Court refused to give, to which the defendant excepts, &c. The Court then instructed the jury, that if they believed from the testimony, that the plaintiff had at any time been in actual possession of the said mare, and that the defendant converted her to his own use, either by selling her, or refusing to deliver her when demanded, they must find for the plaintiff, unless they believe that the defendant had shown title to the said mare by purchase or otherwise, from some person authorized to sell the same, and that it was unne-

F*

cessary for the plaintiff to prove that he was administrator; to all which the defendant excepts, &c."

SMITH, Justice, delivered the opinion of the Court:(1)

This was an action of trover and conversion, for a horse. The plaintiff sues in his representative capacity. The declaration is in the usual form, except that the possession of the plaintiff, is alleged to be in his right as administrator. The defendant demurred to the declaration. This demurrer was overruled. The defendant then pleaded four several pleas. The plaintiff demurred to the first, third, and fourth pleas. On the joinder in demurrer, and after argument, the Court adjudged those pleas bad, and overruled the demurrer to the second plea; on which an issue was made, trial had, and verdict rendered for defendant. Afterwards the Court set aside the verdict, because the issue on the second plea was an immaterial one; and by the consent of the parties, a repleader was awarded, instead of entering a judgment *non obstante veredicto.* The defendant then pleaded the general issue, and the cause was tried, and a verdict rendered for the plaintiff. On the second trial of the cause, the defendant asked the Court to instruct the jury, that unless they believed, from the testimony, that the plaintiff had proven that he was administrator of David Gregory, they must find for defendant; which instruction was refused: but the Court instructed the jury that if they believed, from the testimony, that the plaintiff had at any time before suit brought, been in the actual possession of the animal, and that the defendant converted it to his own use, either by selling or refusing to deliver it up when demanded, they ought to find for the plaintiff, unless they believed that the defendant had shown title to the animal, by purchase or otherwise, from some person authorized to sell, and that it was unnecessary for the plaintiff to prove that he was administrator.

Various and numerous causes have been assigned for error, arising out of the demurrers, pleas, and the judgment of the Circuit Court thereon, and in awarding a repleader. After an attentive examination of the several grounds relied on as causes of error, we are inclined to believe the judgment of the Circuit Court correct on all the points raised under the form and matters of pleading. As to the award of the repleader, it was a matter of consent, and manifestly for the benefit of the defendant, as otherwise, on setting aside a verdict on an immaterial issue, the rule is to enter judgment for the plaintiff, notwithstanding the verdict. Of this, then, he cannot complain.

On the exception to the opinion of the Court on the instructions given, we see no cause to doubt its correctness. The only supposed inaccuracy is, doubtless, in relation to that part which

(1) LOCKWOOD, Justice, dissented from the opinion of the Court.

decides that the letters of administration need not be produced. Had the plaintiff declared, as he might have done, on his possession, without averring it to be in his representative character, if the fact was that he had actual possession, he would have been entitled to recover, on the further proof of a conversion, without showing his right as administrator, to the property. May not, then, this allegation of his being administrator, be considered as altogether an unnecessary and immaterial averment, and therefore not required to be proven? But as the plaintiff had made profert of his letters of administration, and the defendant had not replied that he was not administrator, that fact was not in issue, and consequently need not be proven: but it must, by not denying it, and pleading the general issue, have been admitted by the defendant. The character in which the plaintiff sued, was not questioned, and therefore it was unnecessary to be proven.

We are satisfied the cause has been decided correctly, and the judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

---

| 2 | 67 |
|---|---|
| 149 | 597 |
| 151 | 24 |

| 2 | 67 |
|---|---|
| 46a | 615 |

| 2 | 67 |
|---|---|
| 164 | 358 |

| 2 | 67 |
|---|---|
| 96a | ²534 |